**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID GAY, a single man, | No. 14-16642 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-02269-DGC |
| v. | |
| TRUMBULL INSURANCE COMPANY, a Connecticut corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted September 15, 2016[**]
San Francisco, California

Before: W. FLETCHER, CHRISTEN, and FRIEDLAND, Circuit Judges.

Plaintiff David Gay appeals the district court's order granting summary

judgment in favor of Defendant Trumbull Insurance Company. Trumbull denied

Gay's insurance claim after concluding that his motorcycle was not an insured

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

vehicle under the subject policy.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.[1]

**1.**  The unconventional definition of "motor vehicle" in the Minnesota No-Fault Automobile Insurance Act, which excludes motorcycles, does not apply to the Uninsured/Underinsured Motorist Coverage section of Trumbull's insurance policy.[2]  Nothing in the Act suggests the Minnesota legislature intended its definition to apply to all automobile insurance policies.  *See Himle v. Am. Family Mut. Ins. Co.*, 445 N.W.2d 587, 590 (Minn. Ct. App. 1989).  And the Minnesota Supreme Court held that the definition did not apply to a similar policy.  *Roering v. Grinnell Mut. Reinsurance Co.*, 444 N.W.2d 829, 833 (Minn. 1989).  Although the *Roering* court held that the policy exclusion in that case was unenforceable because it permitted less coverage than the Act required at the time, the Minnesota legislature amended the Act in 1991 such that "an owner of a motorcycle who is injured while occupying that motorcycle may only look to uninsured or underinsured benefits purchased for that motorcycle."  *See Johnson v. W. Nat'l Mut. Ins. Co.*, 540 N.W.2d 78, 81 (Minn. Ct. App. 1995).  The post-*Roering*

---

[1]  The parties agree that Minnesota law governs the substantive questions raised here.

[2]  The definition of "motor vehicle" provided in the Personal Injury Protection Coverage Endorsement is not relevant here.

amendments to the No-Fault Act do not demonstrate that the Minnesota legislature intended insurance policies to require underinsured motorist coverage for motorcycles. Additionally, Trumbull's policy suggests only an intent to meet minimum coverage requirements, rather than an intent to adopt all definitions from the Act.[3]

2.      Where the parties advance different interpretations of policy language, a reviewing court must "decide whether both of these interpretations are reasonable." *Carlson v. Allstate Ins. Co.*, 749 N.W.2d 41, 45 (Minn. 2008). Trumbull argues that the term "motor vehicle" as used in Exclusion A.1 to the Uninsured/Underinsured Motorists Coverage section includes motorcycles. This is consistent with the term's usual and accepted meaning. Gay does not argue that "motor vehicle," as generally understood, reasonably excludes motorcycles, but rather that construing the term in accordance with the statutory definition is also reasonable. But as already explained, we find no support for the argument that the legislature intended for the Act's definition to apply to the parties' contract.

The parties request attorney's fees in their briefs. Such requests must be made in accordance with Ninth Circuit Rule 39-1.6.

---

[3]     Contrary to Plaintiffs' arguments, *Himle* is inapplicable here because there is no "express statement of . . . intent to meet the requirements of the statutes." *See* 445 N.W.2d at 590.

3

**AFFIRMED.**